## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VELOCITY SPORTS PERFORMANCE FRANCHISE SYSTEMS, LLC, a Georgia Limited Liability Company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| EXTREME FITNESS, LTD., a Georgia Limited Company, and CHRIS STOLZMAN, an individual, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff Velocity Sports Performance Franchise Systems, LLC. ("Plaintiff"), by and through its attorney, Joel D. Myers of Myers & Kaplan, Intellectual Property Law, LLC, and states its claims against Defendant Extreme Fitness, Ltd. ("Defendant Extreme") and Defendant Chris Stolzman ("Defendant Stolzman") (collectively, "Defendants"), as follows:

1

## NATURE OF THE ACTION

1.     This is an action at law and in equity to remedy acts of federal service mark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114, and state service mark infringement under O.C.G.A. § 10-1-450 *et seq.*; federal unfair competition under § 43 of the Lanham Act, 15 U.S.C. § 1125(a); dilution of service mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and under O.C.G.A. § 10-1-451(b); unfair competition and deceptive trade practices under Georgia common law and O.C.G.A. § 23-2-55 and the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq*; tortious interference with business relations under O.C.G.A § 51-12-30, and tortious interference with prospective business relations under Georgia common law, all caused by Defendants' deliberate, willful and malicious acts.

## THE PARTIES

2.     Plaintiff is a limited liability company formed and existing under the laws of the State of Georgia with a principal place of business at 3650 Brookside Parkway, Suite 300, Alpharetta, Georgia 30022. Plaintiff does business within this judicial district.

3.    Defendant Extreme is a limited company created under the laws of the State of Georgia with a principal place of business at 5600 Roswell Road, Suite 9, Atlanta, Georgia 30342.  Defendant is doing and transacting business in this judicial district and, in conjunction with Defendant Stolzman, controls, directs or otherwise has responsibility for its acts. Defendant Extreme is jointly and severally liable for its various deliberate, willful and malicious acts committed against Plaintiff.

4.    Defendant Stolzman is an individual who resides at 352 Laurel Glen Crossing, Canton, Georgia 30114.  Defendant Stolzman currently serves as President for Defendant Extreme.   Defendant Stolzman is individually and through Defendant Extreme doing and transacting business in this judicial district, and, in conjunction with Defendant Extreme, controls, directs or otherwise has responsibility for the various deliberate, willful and malicious acts committed against Plaintiff.  Defendant Stolzman is jointly and severally liable for the various deliberate, willful and malicious acts committed against Plaintiff.

3

## JURISDICTION

5.      Jurisdiction in this case is based on the existence of a federal question.  This action arises in part under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338(a).  This Court further has supplemental jurisdiction over any state claims pursuant to 28 U.S.C. § 1367, as the state claims are so related that they form part of the same case or controversy.

## VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that all defendants reside in the State of Georgia, and a substantial part of the events or omissions that give rise to the claims herein occurred within this judicial district.  Venue in this District is further proper over Defendant Extreme pursuant to 28 U.S.C. § 1391(c) in that it resides in this judicial district and, its contacts are sufficient to subject it to personal jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.    Plaintiff is a limited liability company offering fitness-, sports-, and athletic-training services in the State of Georgia (*i.e.,* Roswell, Marietta, Peachtree City, and the general metro-Atlanta area) and throughout the United States.

8.    Since at least as early as January 1, 1999, Plaintiff has continuously engaged in fitness-, sports-, and athletic-training services in interstate commerce under the service mark VELOCITY SPORTS PERFORMANCE.   Plaintiff has further continuously provided fitness-, sports-, and athletic-training services in interstate commerce under the service marks VELOCITY FITNESS, V SPORTS, VSP, and V (a stylized word mark).

9.    Plaintiff has always been, and currently is, the exclusive owner of all right, title and interest of and relating to the U.S. registered service marks: "VELOCITY SPORTS PERFORMANCE", having U.S. Registration No. 2,777,247; "VELOCITY FITNESS", having U.S. Registration No. 2,956,834; "V SPORTS", having U.S. Registration No. 2,783,994; "VSP" having U.S. Registration No. 2,750,066; and, "V" having U.S. Registration No. 2,783,949; and, the Georgia state registered service mark VELOCITY

5

SPORTS PERFORMANCE, having State Registration No. S-19949 (collectively "Plaintiff's Marks"). (*See* Exhibits A-A3, respectively, for true and accurate copies of the federal Certificates of Registration for Plaintiff's Marks; Exhibit A4 for a true and accurate printed copy of Plaintiff's VSP trademark registration as accessible through the USPTO website; and, Exhibit B for a true and accurate print-out from the Georgia Secretary of State website evidencing Plaintiff's state registered mark).

10. As evidenced in articles from The Wall Street Journal, New York Times, L.A. Times, Sports Illustrated, and The Atlanta Journal Constitution (*see* Exhibits C-C4, respectively, for true and accurate copies of said articles), Plaintiff's Marks have been, and continue to be, the subject of substantial and widespread advertising and promotion, for which Plaintiff has expended, and continues to expend, significant amounts of money in such advertising and promotional services. (*See* Exhibit D, Affidavit of David B. Walmsley, ¶ 3; *see also* Exhibit C5 for true and accurate copies of hundreds of exemplary articles).

11. Plaintiff's Marks are widely identified and recognized among the relevant consuming public as offering premier fitness-, sports-, and athletic-training services by Plaintiff and through its various franchisees.

Consequently, Plaintiff's Marks are one of its most valuable assets. (*See* Walmsley Aff. ¶ 6).

12. As further evidenced by the national and local newspaper articles of Exhibits C-C5, Plaintiff's Marks are distinctive and famous among the relevant consuming public. Further, as a result of Plaintiff's long-term and continuous use of its Marks, and the substantial advertising and promotional efforts made in connection therewith, Plaintiff's Marks enjoy enormous secondary meaning. Indeed, through Plaintiff's extensive advertising and promotional efforts, the trade and purchasing public have come to favorably know, recognize and identify the services bearing the service Marks of Plaintiff.

13   Notwithstanding the foregoing, Plaintiff has recently discovered that Defendants have adopted a similar service name, VELOCITY KICKBOXING and/or VELOCITY KICKBOXING, JIU JITSU & FITNESS ("Defendants' Mark"), and are offering, in the same geographic areas as Plaintiff, similar, if not identical, services, namely, general fitness training and performance training in martial arts and other sports. (*See* Walmsley Aff. ¶ 8). Plaintiff particularly notes that Defendants Mark incorporates the dominant word of Plaintiff's Marks – "VELOCITY".

14.    Defendants are currently operating three (3) athletic training centers in Roswell and elsewhere in Atlanta, each under Defendants' Mark, and further operate a website named *www.velocitykickboxing.com* that promotes these service centers and the general fitness and sports-training services offered thereby. (*See* Exhibit E for a true and accurate printed copy of Defendants' website describing the physical fitness and sports training services offered under Defendants' Mark; *see also* Walmsley Aff. ¶ 9).

15.   By virtue of Plaintiff's continuous use of Plaintiff's Marks in Georgia and interstate commerce, and by virtue of Plaintiff's strong and continuous presence in the metro-Atlanta area, Defendants had direct actual knowledge of Plaintiff's use of it Marks and the relevant consuming public's identification and recognition thereof.

16.    Defendants' infringing mark is substantially similar to Plaintiff's Marks in terms of appearance, sound and commercial meaning.

17.    Defendants have promoted and continue to promote their services under their infringing Mark, in manner similar and/or identical to the manner in which Plaintiff advertises its services under its Marks.

18.    Defendants regularly promote, solicit and conduct business in this judicial district and elsewhere by virtue of, *inter alia*, the promotion and

8

sale of their similar and identical services in connection with their infringing Mark.

19.     These similar and/or identical services travel in the same channels of distribution and market area.    Indeed, Defendants not only advertise in local newspapers (*see* Exhibit F for a true and accurate copy of Defendants' February 3-9, 2005 advertisement from the local Atlanta newspaper "Creative Loafing"), but further advertise their service centers and infringing Mark on vehicles that travel throughout the metro-Atlanta area (*see* Exhibit G, Affidavit of Haden Bohannon ¶ ¶ 2-6; *see also* Exhibit H, Affidavit of Marion Smith III ¶ ¶ 3-8).    Consequently, given the wide recognition of Plaintiff's services, consumers encountering Defendants' services and marketing materials are likely to believe, and in fact have believed, that Defendants' and their services are affiliated with Plaintiff, Plaintiff's services, and/or Plaintiff's Marks.

20.     Given the numerous years of use by Plaintiff, and thus the fame and nationwide consumer recognition, of Plaintiff's Marks for its services, Defendants' use of a substantially similar mark for the similar and/or identical type of services is highly likely to confuse consumers, and, in fact, actual consumer confusion has already occurred. (*See* Bohannon Aff. ¶¶ 2-6

*and* Smith Aff. ¶¶ 3-8; *see also* Exhibit I Affidavit of Tracy Morgan-Handzel ¶¶ 2-4, *and* Exhibit J, Affidavit of Jenny R. Blackburn ¶¶ 2-4).

21.    In light of the confusing similarity between Defendants' infringing mark and Plaintiff's Marks, consumers familiar with Plaintiff's services would likely assume, and in fact have assumed, that Defendants' services originated with Plaintiff, and/or that there is some affiliation between the parties, and/or that Plaintiff has sponsored, endorsed, or approved Defendants' services.

22.    Although notice is not required for infringement of a mark, by virtue of Plaintiff's federal and state service mark registrations, Defendants were placed under constructive notice of Plaintiff's claim of ownership in Plaintiff's Marks at least as early as July 10, 2001, the filing date of Plaintiff's federally registered mark VELOCITY SPORTS PERFORMANCE.   However, Defendants continue to use their infringing Mark.    Accordingly, Defendants' use of its Mark amounts to willful infringement.

23.    Again, although notice is not required for infringement of a mark, on or at least as early as September 10, 2004, Defendants were placed under actual notice of Plaintiff's claim of ownership in Plaintiff's Marks.

(See Exhibit K). However, Defendants continue to use their infringing Mark. Accordingly, Defendants' use of its Mark amounts to willful infringement.

24.   Additionally, in an unrelated, *albeit* factually similar, case, Defendants at one time provided fitness services under the mark LA BOXING, until Defendants were forced to cease using the mark by the owner, LA Boxing Franchise Corporation ("LA Boxing"), due to LA Boxing's concern over a likelihood of confusion (*i.e.,* LA Boxing is located at 600 Anton Blvd, 11th Floor, Costa Mesa, CA 92626, and has a website address of www.laboxing.com). (*See* Exhibit L, Affidavit of Anthony Geisler, ¶¶ 2-6). Notably Defendant Chris Stolzman was a former instructor of LA Boxing's predecessor, prior to adopting, without consent, the LA BOXING mark. (*See* Geisler Aff. ¶ 4).

25.   Furthermore, and on information and belief, it is important to note that the attorney who represented Defendant Stolzman in the adoption of the LA BOXING mark, is the same attorney who represented Defendant Stolzman in the adoption of the VELOCITY KICKBOXING mark. This same attorney has corresponded with Plaintiff in regards to this current matter.

26.   As evidenced by the facts of this case, Plaintiff submits that Defendants are once again providing their services under a mark that is confusingly similar to another's mark (i.e., Plaintiff's Marks) in an attempt to intentionally mislead and confuse the public, and trade off the immense goodwill associated with the subject marks.

27.   Accordingly, the facts of this case, in view of the foregoing LA Boxing dispute, demonstrate that Defendants, with the apparent assistance of counsel, have a pattern of usurping the trademark rights of another to profit from the goodwill thereof, and the expense associated with developing same.

28.   Defendants, by their acts complained of herein, have infringed Plaintiff's service mark rights, diluted the unique commercial impression of Plaintiff's Marks, unfairly competed with Plaintiff, and otherwise used the reputation and goodwill of Plaintiff to promote Defendants' services, which are not connected with, authorized, approved, produced or otherwise sponsored by Plaintiff.

29.   The aforesaid acts of Defendants have caused and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff and to Plaintiff's reputation, for which Plaintiff has no adequate remedy at law.

## CLAIM I
## SERVICE MARK INFRINGEMENT
### (Federal)

30.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-29 of this Complaint as though fully set forth herein.

31.    This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.    Defendants' use of its infringing Mark in connection with its fitness and sports training services has caused and is likely to continue to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' services in that others are likely to continue to believe that Defendants are in some way legitimately connected with, sponsored or licensed by, or otherwise related to Plaintiff.

33.    Defendants' adoption and continued use of its infringing Mark was made with actual knowledge of Plaintiff's long-term use of its Marks.

34.    Defendants' use of its infringing Mark constitutes service mark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

35.    Defendants' use of its infringing Mark was without Plaintiff's consent or permission.

36.   Plaintiff is without an adequate remedy at law because Defendants' acts set forth herein are causing great and irreparable damage to Plaintiff and will continue to damage Plaintiff unless restrained by this Court.

37.   Defendants' acts of service mark infringement have further caused Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined at the trial of this action.

38.   Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

39.   The actions of Defendants were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for its cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

40.   Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

## CLAIM II
## SERVICE MARK INFRINGEMENT
### (State)

41.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-40 of this Complaint as though fully set forth herein.

42.     This cause of action arises under O.C.G.A. § 10-1-450 *et seq.*

43.     Defendants' use of its infringing Mark in connection with its fitness and sports training services has caused and is likely to continue to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' services in that others are likely to continue to believe that Defendants are in some way legitimately connected with, sponsored or licensed by, or otherwise related to Plaintiff.

44.     Defendants' adoption and continued use of its infringing Mark was made with actual knowledge of Plaintiff's long-term use of its Marks.

45.     Defendants' use of its infringing Mark constitutes service mark infringement under O.C.G.A. § 10-1-450 *et seq.*

46.     Defendants' use of its infringing Mark was without Plaintiff's consent or permission.

47.     Plaintiff is without an adequate remedy at law because Defendants' acts set forth herein are causing great and irreparable damage to Plaintiff and will continue to damage Plaintiff unless restrained by this Court.

48.     Defendants' acts of service mark infringement have further caused Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined at the trial of this action.

49.     Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

50.     Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

51.     The actions of Defendants were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for its cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## CLAIM III
## UNFAIR COMPETITION AND MISREPRESENTATION
### (Federal)

52.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-51 of this Complaint as though fully set forth herein.

53.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     As a result of Plaintiff's extensive use, sales, advertising and promotions, Plaintiff's Marks have enormous goodwill and a favorable reputation among the trade and among consumers.

55.     Defendants' use of its infringing Mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' services by Plaintiff, and misrepresents the nature, characteristics, and qualities of these services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Plaintiff is without an adequate remedy at law because Defendants' acts set forth herein are causing great and irreparable damage to Plaintiff and will continue to damage Plaintiff unless restrained by this Court.

57.  Defendants' acts of unfair competition and misappropriation have further caused Plaintiff to sustain monetary damages, loss, and injury in an amount to be determined at the trial of this action.

58.  Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

59.  Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

60.  The actions of Defendants were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for its cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## CLAIM IV
## SERVICE MARK DILUTION
### (Federal and State)

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-60 of this Complaint as though fully set forth herein.

62.     This cause of action arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and under O.C.G.A. § 10-1-451(b).

63.     By virtue of Plaintiff's extensive use, sales, advertising, and promotions, Plaintiff's Marks have become famous among customers.

64.     Defendants' use of it infringing Mark in connection with fitness and sports training services constitutes dilution of Plaintiff's Marks in violation of the Federal Trademark Dilution Act of 1995, Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and O.C.G.A. § 10-1-451(b).

65.     Plaintiff is without an adequate remedy at law because Defendants' acts set forth herein are causing great and irreparable damage to Plaintiff and will continue to damage Plaintiff unless restrained by this Court.

66.     Defendants have willfully traded on Plaintiff's reputation and willfully diluted Plaintiff's famous Marks in violation of 15 U.S.C. §

1125(c), and Plaintiff is therefore entitled to the remedies set forth in 15 U.S.C. § 1117(a). Defendants' actions also constitute violations of O.C.G.A. § 10-1-451(b), and Plaintiff is therefore entitled to injunctive relief thereunder.

67.     The actions of Defendants were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for its cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

68.     Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

### CLAIM V
### COMMON LAW AND STATE LAW STATUTORY
### UNFAIR COMPETITION UNDER O.C.G.A. 23-2-55

69.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-68 of this Complaint as though fully set forth herein.

70.   This cause of action is to remedy acts of unfair competition under the common law of the State of Georgia and state law unfair competition under O.C.G.A. 23-2-55.

71.   Defendants' unlawful activities are likely to cause confusion between Defendants and/or their services and Plaintiff and/or their services, and infringe the valuable federal, state and common law rights of Plaintiff in Plaintiff's Marks.

72.   Defendants' activities also constitute unfair competition with Plaintiff by creating a likelihood of confusion as to the source or sponsorship of Defendants' services; misappropriating and trading upon the reputation and goodwill of Plaintiff in Plaintiff's Marks, thereby injuring that reputation and goodwill; and unjustly diverting from Plaintiff to Defendants the benefits arising therefrom.

73.   Defendants' unlawful activities constitute unfair competition and as proscribed by Georgia common law and O.C.G.A 23-2-55.

74.   Defendants' acts of unfair competition have caused Plaintiff to sustain monetary damages, loss and injury in an amount to be determined at the time of trial.

75.     Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

76.     Defendants' acts of unfair competition, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

77.     Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

### CLAIM VI
### DECEPTIVE TRADE PRACTICES
### UNDER O.C.G.A. § 10-1-370 *et seq.*

78.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-77 of this Complaint as though fully set forth herein.

79.     This cause of action is to remedy acts of deceptive trade practices in violation of Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.* by:

        a.     passing off Defendants' services as those of Plaintiff's;

b.     causing a likelihood of confusion or misunderstanding as to the source, origin, sponsorship, approval or certification of Defendants' services;

c.     causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendants with Plaintiff's services;

d.     engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding.

80.     Defendants' deceptive trade practices have caused and are continuing to cause substantial injury to Plaintiff, Plaintiff's customers and potential customers, and by reason of the foregoing, Plaintiff is entitled to injunctive relief as provided under O.C.G.A. § 10-1-373 (a), against Defendants' deceptive trade practices under the principles of equity and on terms that this Court considers reasonable. Plaintiff is further entitled to attorney's fees, awarded in this Court's discretion, for Defendants' willful engagement in said deceptive trade practices.

81.     The actions of Defendants were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for its cost of

litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

82.   Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

## COUNT VII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

83.   Plaintiff repeats and realleges each and every allegation contained hereinabove in paragraphs 1-82, inclusive, as though set forth entirely herein.

84.   This cause of action is to remedy acts of tortious interference with business relations under O.C.G.A § 51-12-30.

85.   Because Defendants engaged in the unlawful activities as pled hereinabove, in an attempt to capture Plaintiff's customers, Defendants acted improperly and without privilege in the interference of business relations between Plaintiff and Plaintiff's customers.

86.   Because Defendants engaged in the unlawful activities as pled hereinabove, in an attempt to capture Plaintiff's customers, Defendants acted

purposely and with malice and with the intent to injure Plaintiff in the interference of business relations between Plaintiff and Plaintiff's customers.

87.   Because Defendants engaged in the unlawful activities as pled hereinabove, in an attempt to capture Plaintiff's customers, Defendants induced Plaintiff's customers to terminate business relations between Plaintiff and Plaintiff's customers.

88.   As a result of Defendants' tortious interference with business relations, Plaintiff suffered financial and economic injury and dilution in value of Plaintiff's state and federal service mark rights in its Marks.

89.   Therefore, pursuant to O.C.G.A. § 51-12-30 and the allegations in Paragraphs 1-88, Defendants are liable for malicious tortious interference of business relations between Plaintiff and Plaintiff's customers.

90.   Due to the willful, deliberate and wanton nature of Defendants' unlawful activities, Plaintiff is entitled to punitive damages pursuant O.C.G.A. § 51-12-5.1.

91.   Defendants' actions were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for its cost of

litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

92.    Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

**COUNT VIII**
**TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE BUSINESS RELATIONS**

93.    Plaintiff repeats and realleges each and every allegation contained hereinabove in paragraphs 1-92, inclusive, as though set forth entirely herein.

94.    This cause of action is to remedy acts of tortious interference with prospective business relations under Georgia common law.

95.    Plaintiff has established business relations with various existing and prospective customers for purchase and use of Plaintiff's services.

96.    Plaintiff has a reasonable expectation of additional business relationships with various existing and prospective customers for purchase and use of Plaintiff's services.

97.    At all times relevant to Defendants' unlawful activities as pled hereinabove, Defendants were aware of Plaintiff's business relationships

with various existing and prospective customers for purchase and use of Plaintiff's services.

98.   Defendants, through their unlawful activities as pled hereinabove, have wrongfully and intentionally induced and sought to induce Plaintiff's customers and potential customers into compromising those existing and prospective relationships.

99.   The aforesaid unlawful activities of Defendants have been willful, deliberate and fraudulent.

100.   The aforesaid unlawful activities of Defendants have caused Plaintiff irreparable injury and unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

101.   The aforesaid unlawful activities of Defendants have injured Plaintiff in an amount to be determined at trial.

102.   Defendants' acts constitute tortious interference with Plaintiff's prospective business relations in violation of Georgia common law.

103.   Due to the willful, deliberate and wanton nature of Defendants' unlawful activities, Plaintiff is entitled to punitive damages pursuant O.C.G.A. § 51-12-5.1.

104. Defendants' actions were in bad faith, constitute stubborn litigiousness and/or have put Plaintiff to unnecessary trouble and expense, such that Plaintiff is entitled to recover from Defendants for its cost of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

105. Plaintiff is entitled to a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts alleged hereinabove.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that:

1. Defendants be held liable under each claim for relief set forth in this Complaint;

2. As pled hereinabove, Plaintiff further prays that Defendants be required to pay to Plaintiff all damages and costs Plaintiff has suffered by reason of Defendants' unlawful acts set forth herein, together with legal interest from the date of accrual thereof;

3. As pled hereinabove, Plaintiff further prays that it be granted a preliminary, and thereafter permanent, injunction prohibiting Defendants from continuing their unlawful acts, as pled hereinabove.

4.     Plaintiff further prays that Defendants, its agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be enjoined from using Plaintiff's Marks (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word or more, whether used alone or in combination with any word(s), punctuated or symbol(s), and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of Plaintiff's Marks, as a trade name, as a trademark or service mark, as a domain name, or in the advertising, distribution, sale, or offering for sale of Defendants' products and services;

5.     Plaintiff further prays that Defendants be required to account for and pay to Plaintiff all profits wrongfully derived by Defendants through its unlawful acts set forth herein, together with legal interest from the date of accrual thereof;

6.     Plaintiff further prays that Defendants be required to pay to Plaintiff its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court;

7.      Plaintiff further prays that Defendants be required to pay to Plaintiff treble damages pursuant to 15 U.S.C. § 1117;

8.      Plaintiff further prays that Defendants be required to pay to Plaintiff punitive damages in an amount to be determined by this Court for Defendants' deliberate and willful acts, as pled hereinabove;

9.      Plaintiff further prays that Defendants be required to pay to Plaintiff the costs of this action; and

10.     Plaintiff further prays that Plaintiff be awarded such other and further relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

*Signature follows:*

Respectfully submitted this 17th day of August, 2005

_____

Joel D. Myers
Georgia Bar No. 533147
Ashish D. Patel
Georgia Bar No. 565894
Counsel for Plaintiff

Myers & Kaplan
Intellectual Property Law, LLC
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com
Email: apatel@mkiplaw.com